UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LAWRENCE XAVIER FREEMAN,**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

Case No.: 8:22-cv-1355-CEH-AAS
Case No.: 8:17-cr-465-CEH-AAS

### ORDER

    Lawrence Xavier Freeman moves under 28 U.S.C. § 2255 to vacate his conviction for being a felon in possession of a firearm and ammunition, for which he serves a 180-month sentence. He challenges his enhanced sentence as an armed career criminal. Binding circuit precedent forecloses Freeman's claims.

**I.   Background**

    A two-count indictment charged Freeman with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and possession of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Crim. Doc. 1) He faced an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (*Id.* at 1–2)

    Under a plea agreement, Freeman agreed to plead guilty to the firearm and ammunition possession charge, and the United States agreed to move to dismiss the cocaine possession charge. (Crim. Doc. 116 at 1–2) Freeman admitted that he

arranged to sell a firearm to a confidential informant and an undercover law enforcement officer. (*Id.* at 18–19) During the sale, Freeman was armed with a .380-caliber Smith and Wesson pistol. (*Id.*) When law enforcement arrested him, Freeman had cocaine, MDMA, and marijuana in his pockets. (*Id.*) Freeman "admitted that he had been selling crack cocaine to the CI and that the CI asked to buy a 'bang bang,' which he understood meant a gun[.]" (*Id.*)

Freeman admitted that, before possessing the firearm and ammunition, he had been convicted of 16 felonies listed in the factual basis supporting his guilty plea and that his right to possess firearms had not been restored. (*Id.* at 20–21) Those prior felony convictions included a Florida conviction for delivery of cocaine and two Florida convictions for aggravated assault. (*Id.* at 21)

The presentence report calculated an advisory guidelines range of 180 to 210 months based on Freeman's total offense level of 30 and his criminal category of VI. (Crim. Doc. 130 at ¶ 152) Freeman qualified as an armed career criminal based on his Florida conviction for delivery of cocaine and the two Florida convictions for aggravated assault. (*Id.* at ¶¶ 34–35) Freeman objected to the ACCA enhancement and argued that his aggravated assault convictions did not qualify as predicate "violent felonies" but acknowledged that binding circuit precedent foreclosed his argument. (*Id.* at 43–44 and 47–48) At sentencing, the district court overruled Freeman's objection and sentenced him to 180 months. (Crim. Doc. 155 at 11–12 and Crim. Doc. 141)

On direct appeal, Freeman repeated his argument that his aggravated assault convictions did not qualify as predicate convictions to support the ACCA enhancement. *United States v. Freeman*, No. 18-14921, 2019 WL 1512822 (11th Cir. Apr. 3, 2019). The circuit court rejected Freeman's arguments as foreclosed by *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1337–38 (11th Cir. 2013), *abrogated on other grounds by United States v. Hill*, 799 F.3d 1318, 1321 n.1 (11th Cir. 2015), and *United States v. Golden*, 854 F.3d 1256, 1256–57 (11th Cir. 2017), and affirmed his conviction. *United States v. Freeman*, 779 F. App'x 703, 704 (11th Cir. 2019).

Freeman now challenges his conviction in this action under 28 U.S.C. § 2255. Relying on *Borden v. United States*, 593 U.S. 420 (2021), he claims that his Florida aggravated assault convictions are not predicate violent felonies under the ACCA because they can be committed with a *mens rea* of recklessness (Ground One) and that the district court lacked jurisdiction to impose the ACCA enhancement (Ground Two). His claims are foreclosed by binding precedent.

## II. Discussion

The ACCA requires a 15-year minimum prison sentence for a defendant who possesses a firearm, in violation of 18 U.S.C. § 922(g), and has three or more prior convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e)(1). A violent felony includes any crime punishable by more than one year in prison that has as an element the use, attempted use, or threatened use of physical force against another person. *Id*. § 924(e)(2)(B)(i).

3

In *Borden v. United States*, 593 U.S. 420, 423 (2021), the Supreme Court held that an offense that can be committed recklessly lacks a *mens rea* element sufficient to satisfy the definition of a violent felony under the elements clause of the ACCA. An offense that can be committed by reckless causation of injury, and nothing more, does not satisfy the ACCA's element clause. *Id*.

After *Borden*, the Eleventh Circuit held in *Somers v. United States*, 66 F.4th 890, 896 (11th Cir. 2023), that Florida aggravated assault "requires a *mens rea* of at least knowing conduct; it cannot be committed recklessly." Therefore, "aggravated assault under Florida law categorically qualifies as a 'violent' felony' under the ACCA's elements clause." *Id*. The Eleventh Circuit reaffirmed that ruling in *United States v. Gary*, 74 F.4th 1332 (11th Cir. 2023), when it held that Florida aggravated assault "categorically qualifies as a violent felony under the ACCA because, as [*Somers*] confirmed, Florida's aggravated assault statute requires an intentional threat to use violence against another person." *Id.* at 1336.

Consequently, Freeman's Florida convictions for aggravated assault categorically qualify as violent felonies under the ACCA. And, because Freeman has the requisite three predicate offenses under the ACCA, the district court did not lack jurisdiction to sentence him as an armed career criminal.

### III.  Conclusion

Freeman's motion under 28 U.S.C. § 2255 (Civ. Doc. 1) is **DENIED**.  The Clerk is directed to enter judgment against Freeman, terminate any pending motions, and close this case. The Clerk is further directed to enter a copy of this order in the criminal action and terminate the motion at docket entry 242 in the criminal action.

Freeman is not entitled to a certificate of appealability.  To obtain a certificate of appealability, the petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because Freeman fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, he is not entitled to a certificate of appealability or to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, this 4th day of October, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Pro Se Petitioner
Counsel of Record